Approved: _____
JEFFREY C. COFFMAN / DEREK WIKSTROM
Assistant United States Attorneys

Before:  THE HONORABLE PAUL E. DAVISON
         United States Magistrate Judge
         Southern District of New York

21mj11769

------------------------------------X
                                    :  **SEALED COMPLAINT**
UNITED STATES OF AMERICA            :
                                    :  Violations of 18 U.S.C.
     - v. -                         :  §§ 201, 1343, 1346, and
                                    :  1349
ANETT RODRIGUES,                    :
                                    :  COUNTY OF OFFENSE:
                        Defendant.  :  WESTCHESTER
                                    :
------------------------------------X

SOUTHERN DISTRICT OF NEW YORK, ss.:

SEAN SMYTH, being duly sworn, deposes and says that he is a Special Agent with the United States Attorney's Office for the Southern District of New York, and charges as follows:

**COUNT ONE**
**(Honest Services Fraud Conspiracy)**

1. From at least in or about 2017 through in or about 2021, in the Southern District of New York and elsewhere, ANETT RODRIGUES, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Sections 1343 and 1346.

2. It was a part and object of the conspiracy that ANETT RODRIGUES, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and to deprive the National Labor Relations Board ("NLRB") of its intangible right to the honest services of its employee, would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1343 and 1346, to wit, RODRIGUES and her co-conspirators devised a scheme in which RODRIGUES, who was

an employee of the NLRB, solicited and accepted bribes and kickbacks in exchange for providing non-public information from the NLRB's systems to an outside consultant, who then sold that information to entities with business before the NLRB.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
### (Honest Services Wire Fraud)

3. From at least in or about 2017 through in or about 2021, in the Southern District of New York and elsewhere, ANETT RODRIGUES, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and to deprive the NLRB of its intangible right to her honest services as an NLRB employee, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, RODRIGUES solicited and accepted bribes and kickbacks in exchange for providing non-public information from the NLRB's systems to an outside consultant, who then sold that information to entities with business before the NLRB.

(Title 18, United States Code, Sections 1343 and 1346.)

## COUNT THREE
### (Bribery)

4. From at least in or about 2017 through in or about 2021, in the Southern District of New York and elsewhere, ANNET RODRIGUES, the defendant, while RODRIGUES was a public official, unlawfully and knowingly, directly and indirectly, corruptly demanded, sought, received, accepted, and agreed to receive and accept things of value personally and for other persons, in return for being induced to do and omit to do acts in violation of RODRIGUES's official duty, to wit, RODRIGUES solicited and received cash payments, in return for disclosing confidential information to which RODRIGUES had access by virtue of her position at the NLRB, in violation of her official duty not to disclose that confidential information.

(Title 18, United States Code, Section 201(b)(2)(C).)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

5.      I am a Special Agent with the United States Attorney's Office for the Southern District of New York. I have been personally involved in the investigation of bribery of a public official, portions of which investigation are described below. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with other law enforcement officers, and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my participation in the investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

### Overview

6.      At all times relevant to this Complaint, ANETT RODRIGUES, the defendant, was employed by the National Labor Relations Board ("NLRB"). Rodrigues was employed in the NLRB's Newark, New Jersey regional office, most recently as a Field Examiner.

7.      At all times relevant to this Complaint, a co-conspirator ("CC-1") was a consultant based in Westchester County, New York, who offered consulting services to law firms and other entities with business before the NLRB.

8.      From at least in or about 2017 until in or about 2021, ANETT RODRIGUES, the defendant, engaged in a scheme to enrich herself by accepting bribes in exchange for providing non-public documents and information from the NLRB, to which she had access by virtue of her job, to persons and entities outside of the NLRB. Specifically, between 2017 and 2021, RODRIGUES regularly accessed documents on the NLRB's internal computer systems that were not yet available to the public, and that she had no business reason to access. RODRIGUES regularly provided images or copies of those non-public NLRB documents to CC-1, which CC-1 then sold to his clients who had potential or existing business before the NLRB. In exchange, CC-1 made bribe payments, in cash, to RODRIGUES.

### The National Labor Relations Board

9.      Based on my involvement in this investigation, my discussions with others involved in the investigation, including personnel with the NLRB's Inspector General's Office ("NLRB-IG"), and my review of open-source information, I have learned, among other things, the following:

a. The NLRB is a federal agency that enforces United States labor law relating to unfair labor practices and collective bargaining. Among other functions, the NLRB serves fact-finding and dispute-resolution functions, in which it investigates and resolves disputes between and among labor unions, company management, and company employees throughout the United States, and it supervises the formation and elections of labor unions.

b. The NLRB is divided geographically into 32 regions. Each region has a regional office in a city within the region it serves (some regions also have secondary "subregional" and/or "resident" offices).

c. An employee or group of employees seeking to engage the NLRB to investigate and resolve a dispute may do so by filing a "charge sheet" outlining their allegations with their local NLRB regional office. And an employee or group of employees seeking the NLRB's assistance in forming or joining a union can file a "petition" with their local NLRB regional office.

d. These "charge sheets" and "petitions" are confidential, non-public documents. However, when a charge involves a company, it is provided to the company whose employees have raised a dispute, and petitions seeking to form or decertify a union are also provided to the company, typically within a few days of their filing. Charge sheets and petitions also can potentially be obtained via a request under the Freedom of Information Act ("FOIA"), but obtaining NLRB documents via a FOIA request can take several weeks, and documents are provided only in redacted form in response to FOIA requests.

e. NLRB policies and federal regulations and statutes prohibit NLRB employees from using or disseminating non-public NLRB information to further their own private interests, and the NLRB provides training and regular reminders about the rules relating to confidential information.

### The CC-1 Consulting Company

10. Based on my discussions with personnel with the NLRB-IG, my discussions with other witnesses, and my review of open-source information, I have learned, among other things, the following:

a. CC-1 offered consulting services through an entity that he owned and operated (the "CC-1 Consulting Company").

4

b.      The CC-1 Consulting Company was paid by CC-1's clients—typically law firms with business in front of the NLRB—for certain services. For instance, clients could pay to subscribe to receive regular reports from the CC-1 Consulting Company about new filings at the NLRB. Clients could also hire the CC-1 Consulting Company to assist in obtaining documents from the NLRB via FOIA requests.

c.      CC-1 and the CC-1 Consulting Company would also sell to clients NLRB documents that had been obtained other than via the FOIA process, including documents that CC-1 obtained from ANETT RODRIGUES, the defendant, in exchange for the payment of bribes.

d.      The CC-1 Consulting Company advertised its services to prospective clients by claiming that in "the competitive world of labor relations, staying ahead of the pack counts." The CC-1 Consulting Company claimed to offer a "powerful tool" for the acquisition of new clients and for existing client representations before the NLRB, and claimed that the company offered the "fastest way to obtain NLRB information."

### The Bribery and Fraud Scheme

11.     Based on my discussions with NLRB-IG personnel, I have learned, among other things, the following:

a.      The NLRB's internal document database tracks and logs user access to documents on the NLRB's systems. According to the logs, beginning in or about late 2017, ANETT RODRIGUES, the defendant, began accessing numerous documents on the NLRB's systems from outside of the region in which she worked. All told, between late 2017 and early 2021, RODRIGUES accessed over 4,000 documents from outside of her region.

b.      RODRIGUES's work with the NLRB did not require her to access documents on the NLRB's systems from outside of her region.

c.      On or about February 3, 2021, the NLRB placed RODRIGUES on administrative leave, pending the outcome of an investigation into her conduct by the NLRB-IG.

12.     On or about February 19, 2021, the Honorable Judith C. McCarthy, United States Magistrate Judge for the Southern District of New York, issued a search warrant authorizing the disclosure of, among other things, an Apple iCloud backup of an iPhone

5

belonging to ANETT RODRIGUES, the defendant.[1] Based on my review of the contents of RODRIGUES's cellphone that were backed up to her iCloud account, I have learned, among other things, the following:

        a. A folder of "recently deleted" items that was saved to RODRIGUES's iCloud backup contained a number of photographs of a computer screen, showing documents that appeared to be internal NLRB documents.

        b. A series of text messages between RODRIGUES and CC-1 sent between on or about February 1, 2021 and February 3, 2021 were saved to RODRIGUES's iCloud backup. Based on my review of toll records for RODRIGUES's cellphone, I know that RODRIGUES and CC-1 exchanged numerous text messages pre-dating February 1, 2021, dating back at least five years. However, based on my review of RODRIGUES's iCloud backup, I know that only a few messages, sent within the few days before RODRIGUES was placed on administrative leave from the NLRB, were preserved.

        c. Included among the February 2021 text messages between RODRIGUES and CC-1 were the following exchanges:

        i. On or about February 1, 2021, CC-1 wrote to RODRIGUES, among other things, "Aside from 271988 which I sent you earlier, I have a customer that inquired about getting 33 cases." Based on my discussions with NLRB-IG personnel and my participation in this investigation, I believe that the six-digit number "271988" was a reference to a particular NLRB case number, and that this message was indicating that CC-1 was seeking NLRB documents from RODRIGUES. RODRIGUES responded to that message with a series of attachments, including an image of an NLRB charge sheet bearing a case number that matched the six-digit number CC-1 had sent.

        ii. On or about February 2, 2021, CC-1 wrote to RODRIGUES with two more six-digit numbers, and less than an hour later, RODRIGUES responded with a series of images that appeared to be photographs of documents taken on a cellphone. The documents were NLRB documents with case numbers matching those that CC-1's message had included.

---

[1] I know that the iCloud account belonged to ANETT RODRIGUES, the defendant, because, among other things, it was registered in her name and using an email address that she provided to the NLRB as her personal email address in connection with her employment. In addition, I know from my review of the contents of the account that RODRIGUES was the user of the account.

6

d. A number of voicemails from CC-1 were saved in RODRIGUES's iCloud backup, and indicated that CC-1 and RODRIGUES were meeting in person, including the following:

i. On or about August 31, 2017, CC-1 left a voicemail on RODRIGUES's cellphone stating, in substance and in part, that CC-1 was outside of RODRIGUES's residence.

ii. On or about January 6, 2018, CC-1 left a voicemail on RODRIGUES's cellphone stating, in substance and in part, that CC-1 would be arriving earlier than expected because there was no traffic on the Tappan Zee Bridge.

iii. On or about November 2, 2018, CC-1 left a voicemail on RODRIGUES's cellphone stating, in substance and in part, that he was planning to swing by, and proposing a time to meet.

13. Based on my review of records received from a certain financial institution, I have learned, among other things, the following information about CC-1's financial transactions on or about the dates of the voicemails described above regarding meetings between CC-1 and ANETT RODRIGUES, the defendant:

a. On or about August 31, 2017, CC-1 cashed a check written from the CC-1 Consulting Company to CC-1 personally, in the amount of $1,660.

b. On or about January 6, 2018, CC-1 cashed a check written from the CC-1 Consulting Company to CC-1 personally, in the amount of $1,500.[2]

c. On or about November 2, 2018, CC-1 cashed a check written from the CC-1 Consulting Company to CC-1 personally, in the amount of $1,000.

14. On or about April 20, 2021, I participated in an interview with ANETT RODRIGUES, the defendant. During the interview, RODRIGUES admitted, in substance and in part, that she had regularly accessed documents on the NLRB's systems at CC-1's request, and then sent images of those documents to CC-1. RODRIGUES denied that she received any cash payments or other compensation in exchange for doing so.

---

[2] January 6, 2018 was a Saturday. Bank records indicate that this check was dated January 6, 2018, but that it did not actually clear until the following Monday, January 8, 2018.

7

15. On or about July 16, 2021, I participated in an interview with CC-1. During the interview, CC-1 admitted, in substance and in part, that he regularly obtained images of NLRB documents from ANETT RODRIGUES, the defendant, via text message, and that he regularly gave cash bribe payments to RODRIGUES to induce her to provide the documents. CC-1 explained that he then sold the documents obtained from RODRIGUES to his clients. Based on my discussions with CC-1 and my review of emails sent by CC-1, I know that some of CC-1's emails to clients were sent from CC-1's office in Westchester County, New York to clients outside of New York State.

WHEREFORE, deponent respectfully requests that a warrant issue for the arrest of ANETT RODRIGUES, the defendant, and that she be imprisoned or bailed, as the case may be.

SEAN SMYTH
Special Agent
United States Attorney's Office for the
Southern District of New York


Sworn to before me this
___ day of December 2021.

THE HONORABLE PAUL E. DAVISON
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

8